May it please the court. Good morning, your honors. My name is John Brayman and along with Paul Brayman we represent the defendant appellant in this case Alfredo Vasquez-Hernandez. We're here in this court because what happened below was fundamentally unfair. After making adverse credibility findings to the government's witnesses, Margarito and Pedro Flores, the district court imposed a sentence of 264 months after saying the appropriate sentence was 300 months which constituted an upward variance, a significant upward variance, after the district court imposed an aggravating role enhancement to defendant's sentence. Not only was there an upward variance and an aggravated role enhancement but it was based on no reliable evidence as the only evidence the government submitted were the two grand jury statements of the Flores brothers along with a transcript of a recorded conversation with the interpretation of the Flores brothers in their grand jury statements. The district court said I cannot rely on the Flores brothers based on their credibility problems who have motive to shift responsibility away from themselves and I will not do that. So the plea declaration that Alfredo Vasquez-Hernandez entered in April of 2014. And the sentence the brothers received was what? It was 14 years judge. I think there was a contemplation of a 12-year sentence but based on the Flores brothers engaging in misconduct and criminal conduct while actively cooperating with the government, the district court imposed a higher sentence on them but certainly they got the benefit of extensive cooperation. The investigation in this case, it was a 2009 indictment and the defendant spent some time in Mexican jail under horrible conditions which the district court took into account. It was an extensive investigation that was ongoing at the time that Mr. Vasquez-Hernandez was sentenced in November of 2014 and yet the allegation that Mr. Vasquez-Hernandez was the logistical coordinator for the was only supported by the written grand jury statements of the Flores brothers and this transcript that the government had the Flores brothers interpret. So the district court was left with the plea declaration and the defendants admission to arranging to transport 276 kilos of cocaine from Los Angeles to Chicago with individual A who had provided 76 of the kilos to the defendant fronted or on consignment which the defendant then subsequently fronted or consigned to the Flores brothers for sale in Chicago. Why isn't that enough in context given the drug quantity here and contextual evidence that this was part of the El Chapo cartel? Well because in making the sentencing determinations an aggravating role we focus on the offense of conviction not the broader conspiracy and in this offense of conviction the only evidence was that the defendant participated in this scheme with individual A and the Flores brothers. Well he was convicted of conspiracy. Yes. Right, not a single sale. Well but the plea declaration only. He only took responsibility for this one transaction the 276 kilo transaction but he was convicted of conspiracy in the context of the conspiracy as this is part of the El Chapo cartel. Right. Why isn't that enough plus the quantity itself to support the judges finding that they're this was extensive otherwise extensive for purposes of the supervisory enhancement and that individual A must have had assistance from other co-conspirators to move this quantity of drugs the distance that it was moving. Well in terms of the role enhancement under 3b 1.1 you folks a sentencing court focuses on the offense of conviction not the broader conspiracy. And the offense of conviction is conspiracy it's not a single sale. Right. And okay you can't rely on that. Well his plea of guilty was supported by a factual basis that was so the judge is entitled to consider that this transport that he's taking responsibility for was part of this broader conspiracy which necessarily entailed multiple co-actors to move this quantity even though the judge was limiting sentencing to this 276 kilo transaction. And he said there had to be more than one person involved in moving this it's too much. Sure individual A also helped move it but the specifics of the actual movement of the drugs were not really borne out at sentencing because they were conveyed to the government after the fact by the Flores brothers even though they were actively cooperating at the time. Right. And the drugs were never recovered at all. The enhancement doesn't require the government to identify particular persons. If the conspiracy is otherwise extensive and his role was that of a supervisor and in this case the evidence supports the conclusion that he was a logistics manager and directed the course of this transport of the 276 kilos why isn't that enough? Because it the evidence in the sentencing record does not support him being a manager supervisor. Well he admitted to the description of the offense in the PSR. There was a concession at the top of the He had no objection to the description of the offense in the PSR but wanted to contest some of the enhancements. His objections were well preserved in the objections that were filed in written form and basically the PSR lays out the offense conduct and allegations. It basically says the defendant submits and the government alleges. So he wasn't admitting to the offense conduct. He specifically said I'm not a logistical coordinator for the Sinaloa cartel and there's no reliable evidence that I am. That's what the district court found was that he wasn't going to rely on anything but the defendant's plea declaration which is what the plea of guilty to count one was entered through. The plea declaration. So that's what we're confined to here and setting apart that prong that we've been talking about five or more participants are otherwise extensive. There was no evidence that Mr. Vasquez Hernandez managed or supervised anybody. So in terms of cases on this otherwise extensive, do you have you know case law that in the district court didn't talk about that language specifically right? The otherwise extensive. Any cases that you have where you have a defendant similar to this defendant that got the or did not get it or we said it was there? Well Judge, I think the government cites DeFigaro in terms of their analysis of the other otherwise extensive prong. The defendant focuses more on the requisite finding that the defendant managed or supervised anybody. The district court didn't make any findings, any of the required findings that there was five or more participants are otherwise extensive that Mr. Vasquez Hernandez managed or supervised anybody. So you're saying it's required that he supervised five or less and that that otherwise extensive means what then? Why is that? I'm not saying that Judge. I'm saying that there's two prongs and the first that we focus on is that there has to be reliable evidence and the district court has to state it at the time of sentencing that the defendant managed or supervised anybody. There was no reliable evidence that there was any type of relationship other than co-conspirators between individual A and the defendant and when the district court announced sentence it relied on its personal feelings about drug trafficking. It talked about speculation about the defendant's prior crimes which there are no reliable evidence of and when it came time to enter its written judgment order it said that the defendant's upward variance which was five and a half years if you take based on the district court's calculations or 11 years based on the defendant's calculations without the erroneous aggravating role enhancement that that was based on the defendant's non cooperation with the government and that the defendant was involved in a sophisticated international drug shipment. Neither of those reasons were stated orally at the time of sentencing. The basis that the non-cooperation with the government serving as a basis for an upward variance is prohibited by the guidelines and this court's precedent and clots and there was no reliable evidence that this drug shipment from Los Angeles to Chicago was international in nature or sophisticated. So judge we ask that you reverse and remand with instructions to not apply the erroneous aggravated role enhancement or the upward variance because. Thank you counsel. Thank you judge. Mr. Ferraro. May it please the court. On behalf of the plaintiff Apolli my name is Michael Ferraro. The sentence below should be affirmed. The district court properly applied and sufficiently articulated a basis for a three-level enhancement for Vasquez Hernandez's aggravating role in the offense. The court likewise committed no error in its explanation and justification for the above guideline sentence issued to defend it. So have we ever affirmed a supervisor enhancement on the theory that the crime was so complicated and so extensive that the defendant simply must have supervised some subordinates? In that context no I don't I don't believe so your honor. However. And that's the situation we have here. I don't think that it is. Well we don't have five people that's for sure that have been identified. Well your honor as was pointed out by the court a moment earlier that the court did in fact adopt the factual findings of the PSR and the PSR explicitly states that this was a 11 total people counting counting the defendant. But that didn't spell out who he supervised right? That is correct your honor. The the the as as the just reading the record the the supervision is is effectively and inferred through the court's explanation of that continuum of these drugs a massive amount of drugs being transported over over great distances. And there it is again the PSR combined with the defendant's admissions and those alone are sufficient for this finding. But even in that summary that the court adopted he was not identified as the transporter was he? Or perhaps I didn't read that correctly. I don't believe that the word transporter is used your honor and instead what the the the actual language is that the defendant admitted to arranging for the transportation and arranging is a synonym for for in the context of the the indictment the findings of the PSR and the admissions by defendant and then the findings of the court reading all of that together it does become clear that what occurred here is that the defendant conspired with with the Flores brothers and others even in just the vacuum of this singular transaction to move 276 kilos of cocaine. So let me just so I can make sure I understand. So on this arrangement for transportation I did I'm just wondering whether that's adequate enough so for example if someone schedules a FedEx pickup that's an arrangement to transport a particular package even though there's no supervision at the FedEx. In that instance I believe you would be correct. But you're saying because he was part of the organization the fact that he arranged the transportation meant of necessity there were lots of other people that had to implement the plan. Yes your honor and more with respect to the the quantity of the drugs and just the the physical volume that 276 kilos would would occupy would be would be more than than a standard size FedEx envelope and so I the Judge Castillo's and again right in the context of all of the evidence from from the court below is that with a transaction of that size to move it from over great distances would have necessarily required where the defendant has taken responsibility for arranging it would have necessarily required the defendant to have directed subordinate members of that criminal enterprise to move the counsel just pointed out that there was no record that this was actually an international transaction and and that's that's actually not the case. In the exchange between Judge Castillo and Defense Counsel at the sentencing, Judge Castillo used the word Mexico and so in rejecting the very argument that's effectively being advanced here, Judge Castillo said quote and also I think in the same category that it is nonsensical to think that two people could bring in 276 kilograms of cocaine from the country of Mexico all the way to Chicago so those to me are like non-starters and and that's that's exactly the essence of the issue before this court. The defendant's actions were such that it is right in the heart of what this guideline it the existence of the guideline the purpose of the guideline is at bottom as the application note states itself the enhancement the purpose of that section 3b 1.1 is to provide a range of adjustments to increase the offense level based on the size of the criminal organization and the degree to which the defendant was responsible for committing the offense so at bottom what the Commission is really saying is that the effect the offense level should go up and step with the size of the organization and defendants role within it here the it is a conspiracy count defendant was charged and pled guilty to a conspiracy that was defined as the leadership of the Sinaloa cartel his reign his role I'm sorry within that conspiracy was exactly what occurred in this in isolated incident of the 276 kilos moving he was a logistical coordinator because the court specifically found that this was not an isolated incident even though he agreed to sentence based on the 276 alone rather than the larger numbers not by the government that was clear that the court did not consider this to be an isolated incident but part of the broader conspiracy and that he did not except as remotely credible the contention this was the maiden voyage or words to that effect something like that inaugural shipment that is absolutely correct your honor that the the court expressly found exactly that that there is no way there's somebody's first foray into drug trafficking that they could step up to the plate and engage in a two hundred success being trusted with this quantity and what was the evidence about the value of 276 kilos of cocaine coming from this organization it was a little over 2.1 million dollars at a wholesale level your honor right so he's not going to be entrusted with it if he's not a supervisor or manager with that kind of credibility and authority within the organization correct as a matter of the only logical inference I think that's a fair reading of the judge's ruling correct your honor and that's exactly what what the standard is this court in United States versus Gary which is government's brief stated that it was in a slightly different sentencing context but a court is not required to be explicit or anyone acquainted with the facts would have known without being told why the judge had accepted had not accepted an argument here it's it's that where somebody acquainted with the facts of this case and in conspiracies of this magnitude would know what judge Castillo would understand that judge Castillo is ruling and then you also just need to couple that with common sense which is that of course an organization a sophisticated organization like the Sinaloa cartel will not entrust a novice trafficker with with drugs of this quantity to move over that that that great of a distance and so putting all of that together the only reasonable conclusion is the one which judge Castillo found and then adequately supported in the record which is the the proper application of an enhancement under 3b 1.1 turning next to the question of whether a district court sufficiently explained its reasoning in issuing an above-guideline sentence there again it's the totality of the record that shows exactly why that was was proper counsel pretty much assume that he had been involved in prior drug trafficking right because of the quantity absolutely your honor for the point that we were just discussing that there's no way that one could be true without having that background in drug trafficking to be able to accomplish something like this and be entrusted with something like this so the court was effectively making its its sentencing findings throughout that what if the court articulating its basis for the 3b 1.1 and enhancement can it's certainly appropriate to read that into the courts later findings there'll be no need for the court to expressly talk about the exact same things again but but the court did in fact do that the court made an express reference to taking into account the totality of the 3553 factors and placed the most emphasis on the seriousness of this offense and where did he outline the specific 3553 factors other than the quantity well there it's and I apologize if I misspoke it I don't believe that judge Castillo went through a a step by step walking through the statute nor does the law require that he do so but the the again a full reading of the transcript shows that that was his intent so with the seriousness of the offense that 276 kilos is a subset of the global conduct the judge addressed that throughout as well as the need to promote adequate deterrence in respect for the law which which in defendant characterized in his reply brief is the court's personal opinions it wasn't anything of the sort that those were all done after the court referenced 3553 and was issuing the court's findings with respect to an appropriate sentence that was sufficient what other factors that he look at other than the really the quantity the sophistication in terms of his family characteristics or education or anything else I understand he doesn't have to go through the whole nine yards I'm just trying to figure out what else he the judge Castillo did in fact discuss the the familial issues and in the other background issues and he in those and saying that judge Castillo said that he had respect for the defendant as a family man but again reverted back to the fact that there's no way that a person could engage in conduct of this kind without a lengthy criminal history which in turn required that the sentence that was sufficient but not greater than necessary was in fact this above-guideline sentence and so for all of those reasons unless there are any further questions from the panel the case is taken under advisement and the court will be in recess